Stephen M. Lobbin (SBN 181195)
sml@smlavvocati.com
Joshua N. Osborn (SBN 317435)
jno@smlavvocati.com
**SML AVVOCTI P.C.**
888 Prospect Street, Suite 200
San Diego, California 92037
Tel: 949.636.1391

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Hempstract, Inc.**, a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>**Gregory Haynes**, an individual, and **Kim Melbye**, an individual,<br><br>Defendants. | Case No. **'21CV1171 JLS  MDD**<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, BUSINESS INTERFERENCE AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

For its Complaint, Plaintiff Hempstract, Inc. hereby alleges as follows:

## JURISDICTION AND VENUE

1. This is an action including for infringement under the trademark laws of the United States, 15 U.S.C. § 1051, *et. seq*. This Court has subject matter jurisdiction including under 28 U.S.C. §§ 1331 and 1338(a).

2. This Court has personal jurisdiction over Defendants because they have committed the infringing and unlawful acts alleged herein, including online via e-commerce and including in California and in this District.

3. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b)-(c) and 1400.

## PARTIES

4. Plaintiff Hempstract is a Nevada corporation having its principal place of business in Washington.

5. Upon information and belief, Defendant Gregory Haynes ("Haynes") is an individual citizen of Washington residing at 9300 Road S.7 SE Warden, WA 98857, and he is attempting to conduct business as HEMPSTRACT including in California.

6. Upon information and belief, Defendant Kim Melbye ("Melbye") is an individual citizen of Washington residing at 9300 Road S.7 SE Warden, WA 98857, and she is attempting to conduct business as HEMPSTRACT including in California.

## BACKGROUND FACTS

7. Defendants are minority shareholders of Plaintiff, but neither Defendant is an agent, officer, or authorized person, and neither has authority to take any actions or make any representations on behalf of Plaintiff, or represent Plaintiff in any capacity whatsoever.

8. In May 2021, through an email from counsel, Defendant Haynes made demands of Plaintiff in an attempt to extract unearned compensation, including proposing a loan agreement, a corporate resolution, an amendment to the Company's articles of incorporation, and a stock certificate for 1 million shares of series E preferred stock in Defendant Haynes' name.

9. Defendant Haynes also sent an email to two of Plaintiff's principals suggesting that the proposed documents "as the best way to protect" certain of Plaintiff's shareholders from unspecified "legal issues." In Defendant Haynes' emailed comments concerning Plaintiff's accounts with financial institutions, he referenced making representations to Plaintiff's banking depository, including that

the bank "asked me to remove you from both accounts." But Defendant Haynes is not authorized to conduct banking activities on behalf of Plaintiff or to be a signatory on any company accounts, and he does not have legal authority to act on behalf of or bind Plaintiff in any way.

10. Defendant Haynes' attempts to subvert Plaintiff's business operations include him (a) using the company's website <hempstractwellness.com> in his personal capacity, (b) attempting to market and sell the company's products in his personal capacity using the company's brand HEMPSTRACT, (c) communicating directly with shareholders of the company under the false pretense that he had authority to do so, and (d) signing documents on behalf of the company, without any authority to do so, including an agreement with another company for raw material processing. In the last example, Plaintiff was forced to execute a new agreement to complete a sales order.

11. Even after being reprimanded for his fraudulent activities, Defendant Haynes continued to engage with third parties in an effort to enter into other business agreements on behalf of the company, including additional raw material processing, a sports organization in Spokane and their offshore affiliate in the Caribbean, a local wine company, a bottled water company, a producer of Ginger Beer, and a food company in Alaska.

12. Defendant Haynes also ran payroll for multiple companies out of Plaintiff's bank account. Other than the primary business on the account, the other companies are not owned or controlled by Hempstract, thus any associated tax liability was created fraudulently. In addition, Haynes paid personal debts from this account, neither of which Plaintiff ever authorized.

13. Defendant Melbye has misrepresented herself as a person with authority to communicate and/or act on behalf of Plaintiff. She also has made inflammatory statements and accusations to others about Plaintiff, and listened in on private company calls, without any authority to do so.

14. Defendants' daughter, Jessica Haynes, also misled Plaintiff's investors on social media, and she refused to provide Plaintiff with the password to the company website.

15. Finally, after Plaintiff hired a company controller—Julie Mathews—Defendant Haynes instructed her to work on his own personal projects, rather than projects for Plaintiff. She also refused to respond to requests from Plaintiff for reports and accounting information, resulting in her termination.

**FIRST CLAIM FOR RELIEF**

**(Trademark Infringement)**

16. Plaintiff incorporates by this reference all of the allegations stated in the above paragraphs.

17. Plaintiff owns rights to its HEMPSTRACT trademarks and brand, including its U.S. Trademark Application Nos. 90/748,239, 90/748,264, 90/748,269, 90/748,276 and 90/748,283.

18. Without any permission from Plaintiff, Defendant Haynes used the identical HEMPSTRACT name and brand in commerce for his own behalf, including using the company's website <hempstractwellness.com> in his personal capacity and attempting to market and sell the company's products in his personal capacity.

19. In violation of 15 U.S.C. § 1125(a)(1)(A), Defendant Haynes' use of the HEMPSTRACT brand and trademark is likely to cause confusion among consumers concerning whether the products originated with, or are licensed or authorized or endorsed by, Plaintiff.

20. Defendant Haynes' trademark infringement has occurred in interstate commerce and has caused injury to Plaintiff including loss of goodwill and diversion of sales that likely would have been acquired by Plaintiff.

21. Defendant Haynes' trademark infringement has caused Plaintiff to suffer actual damages including lost profits, in an amount to be determined at trial,

plus consequential damages. The trademark infringement also has resulted and continues to result in the unjust enrichment via profits to Defendant Haynes.

22. Defendant Haynes has committed its acts of trademark infringement willfully and maliciously to injure Plaintiff's business and improve his own, thereby entitling Plaintiff to an award of increased damages and attorney's fees.

23. Plaintiff also has suffered and continues to suffer irreparable injury, including damage to its customer relationships because of the trademark infringement. Such irreparable injury cannot be remedied adequately unless Defendant Haynes is enjoined immediately from further use of the infringing trademarks. Plaintiff has no adequate remedy at law for the injuries it has suffered and continues to suffer, as it will be impossible for Plaintiff to determine the precise amount of damage it will suffer if Defendant Haynes' conduct is not restrained.

## SECOND CLAIM FOR RELIEF

**(Intentional Interference With Prospective Economic Advantage)**

24. Plaintiff incorporates by this reference all of the allegations stated in the above paragraphs.

25. Defendants knew of Plaintiff's economic relationships with its customers that probably would have resulted in an economic benefit to Plaintiff.

26. Defendants engaged in wrongful conduct, including posing as Plaintiff or an agent of Plaintiff (without authority to do so), and intended to disrupt Plaintiff's economic relationships with its customers.

27. Plaintiff's economic relationships with its customers were disrupted, causing economic harm to Plaintiff.

28. Defendants' misconduct conduct was a substantial factor in causing the economic harm to Plaintiff.

## THIRD CLAIM FOR RELIEF

## (Unfair Competition)

29. Plaintiff incorporates by this reference all of the allegations stated in the above paragraphs.

30. By its acts alleged herein, each Defendant has knowingly engaged in unfair acts or practices and unfair methods of competition, including but not limited to making false representations as to an origin, affiliation, connection and/or association with Plaintiff and by using marks and designs identical and/or confusingly similar to the Plaintiff's trademarks in bad faith, and otherwise engaging in deceptive trade practices and unlawful, unfair or fraudulent business acts or practices, in violation of Cal. Bus. & Prof. Code § 17200.

31. Each Defendant's unfair competition has resulted in and continues to result in unjust enrichment, and each Defendant has committed its acts of unfair competition willfully and maliciously to injure Plaintiff's business and improve its own.

32. Plaintiff also has suffered and continues to suffer irreparable injury, including damage to customer relationships because of each Defendant's unfair competition. Such irreparable injury cannot be remedied adequately unless each Defendant is enjoined immediately from further unfair competition.

## PRAYER FOR RELIEF

Therefore, Plaintiff prays for the following relief:

A. A determination that Defendant has infringed Plaintiff's trademark rights under 15 U.S.C. § 1052 *et seq.*;

B. A determination that Defendant has intentionally interfered with Plaintiff's prospective economic advantage;

C. A determination that Defendant has engaged in unfair competition in violation of Cal. Bus. & Prof. Code § 17200;

D. An accounting for damages adequate to compensate for the trademark infringement, intentional interference and/or unfair competition, including Plaintiff's actual damages including lost profits, treble damages, pre-judgment and post-judgment interest, and costs;

E. A determination of willful trademark infringement, and that this is an exceptional case, and an award of costs, expenses and attorney fees to Plaintiff;

F. Pre-judgment and post-judgment interest on such monetary relief;

G. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38(b)(1) and (c), and L.R. 38-1, Plaintiff hereby demands a jury trial on all the issues in this action so triable of right by a jury.

Respectfully submitted,

Dated: June 25, 2021 **SML AVVOCATI P.C.**

By: /s/ Stephen M. Lobbin
   Attorneys for Plaintiff